IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DEILA L. OLIVER, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-14-171-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

**OPINION AND ORDER**

Plaintiff Deila L. Oliver (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 20, 1980 and was 32 years old at the time of the ALJ's decision. Claimant completed her high school education and obtained an associate's degree in early childhood development. Claimant has no past relevant work. Claimant alleges an inability to work beginning August 1, 2010 due to limitations resulting from back pain, depression, and anxiety.

### Procedural History

On April 13, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and

supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 10, 2013, an administrative hearing was held by video before Administrative Law Judge ("ALJ") Bernard Porter with the ALJ presiding in McAlester, Oklahoma and Claimant appearing in Poteau, Oklahoma. He issued an unfavorable decision on January 28, 2013. The Appeals Council denied review of the ALJ's decision on March 26, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to identify all of her severe impairments at step two of the sequential evaluation; (2) reaching an RFC determination which was not supported by substantial evidence; and (3) making erroneous findings at step five.

## Step Two Evaluation

In his decision, the ALJ found Claimant suffered from the severe impairments of obesity, degenerative joint disease of the right shoulder, lower back and knees, hypertension, heel spur, headaches, depression, anxiety disorder, post-traumatic stress disorder, and attention deficit hyperactivity disorder. (Tr. 17). The ALJ determined Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant was able to lift and carry 20 pounds occasionally and 10 pounds frequently, while pushing and pulling the same weights. Claimant could sit, stand, or walk six hours in an eight hour workday. Claimant could occasionally climb ramps or stairs but no climbing of ladders or scaffolds and no crawling. Claimant was found to be unable to work around unprotected heights, moving mechanical parts, and could not be exposed to any temperature extremes. The ALJ limited Claimant to simple tasks and time off task would be accommodated by normal breaks. Claimant could have only occasional contact with supervisors and co-workers but no interaction with the public. (Tr. 20).

After consulting with a vocational expert, the ALJ determined that Claimant could perform the representative jobs of small products assembler, housekeeper, and assembler, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 25-26). As a result, the ALJ determined

5

Claimant was not under a disability from August 1, 2010 through the date of the decision. (Tr. 26).

Claimant contends the ALJ did not consider the totality of her severe impairments at step two of the sequential evaluation. Claimant specifically asserts the ALJ should have found her abdominal adhesions with associated nausea to be a severe impairment. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart,

350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

By her own admission, the abdominal adhesions were resolved with surgery. (Tr. 758-59). Moreover, Claimant has failed to demonstrate that the condition had even a minimal effect upon her ability to engage in basic work activity. This Court finds no error in the ALJ's step two determination.

**RFC Determination**

Within this argument, Claimant first contends that the ALJ failed to adequately develop the record. Specifically, Claimant asserts the ALJ should have obtained medical source statements from two physicians - Dr. Jimmie Taylor and Dr. Diane Brandmiller. Certainly, the regulations generally require that the adjudicators

7

request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 416.919n(c)(6); *see also* 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6); Branam v. Barnhart, 385 F.3d 1268, 1273 (10th Cir. 2004). Therefore, the failure of the ALJ to obtain a statement from Drs. Taylor and Brandmiller does not constitute reversible error.

Claimant next argues that the ALJ performed a faulty credibility analysis. She asserts that the ALJ mistakenly found that by virtue of the fact she could perform the activities of daily living of grocery shopping twice a month and watching television with her children, "she was not disabled." Claimant misstates the ALJ's findings in regard to these activities. The ALJ accurately recited in summary fashion Claimant's testimony concerning her activities of daily living, including the fact Claimant could attend to her personal care needs, watch television, prepare meals, drive a car, and go shopping. (Tr. 24, 49-50). He then concluded that "[t]hese activities are fully consistent with the residual functional capacity detailed above." (Tr. 24).

8

Moreover, Claimant refers to two medical records from January and February of 2012 to dispute the ALJ's findings that she was taking medications. (Tr. 794-95). However, Claimant fails to recognize that subsequent records indicate Claimant was compliant with taking her medications in March and April of 2012. (Tr. 792-93). A record from June of 2012 shows Claimant suffered no side effects from her medication and showed normal mood, appropriate thought content, concentration, and psychomotor activities. (Tr. 790).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other

9

symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ's detailed assessment of Claimant's credibility is well-supported by the medical record.

As an additional sub-part of her RFC deficiency argument, Claimant also contends the ALJ disregarded the opinions of her treating physicians. She fails, however, to identify which treating physicians whose opinions the ALJ allegedly failed to consider or what portions of the opinions were ignored. Instead, Claimant merely recites the standard for consideration of opinions from treating sources and the weight afforded her treating physicians' opinions in the ALJ's decision. This Court will not ferret out Claimant's arguments from the ether. It is entirely the responsibility of Claimant to sufficiently develop her arguments so that they may be properly considered.

Claimant then proceeds to list a variety of assorted conditions which she argues imposes more limitations upon her ability to engage

in basic work activities than are reflected in the ALJ's RFC determination. None of these conditions have been determined by a medical professional to cause Claimant more than a minimal limitation. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

**Step Five Evaluation**

Because Claimant contended the ALJ erred in his RFC determination, she also asserts the ALJ's hypothetical questioning did not mirror the limitations in her true RFC. Since this Court found no error in the ALJ's RFC and the hypothetical questions posed to the vocational expert accurately reflected the RFC limitations

found by the ALJ, no error occurred in the ALJ's questioning of the expert.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 29th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE